**W. Dale WELCH, John H. Powers, and Patricia Saltonstall, Plaintiff,**

v.

**The BOARD OF SUPERVISORS OF RAPPAHANNOCK COUNTY, VIRGINIA, Defendant.**

**Civ. A. No. 94–0002–C.**

United States District Court, W.D. Virginia, Charlottesville Division.

July 18, 1994.

Suzane Mackall Perka, J. Randall Minchew, John Holland Foote, Hazel & Thomas, Winchester, VA, for plaintiff.

George Harrison Gilliam, Neal L. Walters, Mark A. Trank, Charlottesville, VA, for defendant.

*MEMORANDUM OPINION*

CRIGLER, United States Magistrate Judge.

Certain landowners in Rappahannock County, Virginia, have filed this action challenging the validity of an amendment to the Zoning Ordinance (Amendment) which prohibits the application of sewage sludge on agricultural lands in the county. Defendant filed a motion to dismiss each count in the complaint. Both sides consented to this court's exercise of jurisdiction over dispositive motions under 28 U.S.C. § 636(c). On June 14, 1994 this court entered an Order granting, in part, and denying, in part, defendant's motion to dismiss the complaint, reserving, however, a decision as to COUNT II of the complaint so as to permit supplemental briefing by the parties. In those supplemental briefs, the parties concede that the court should treat defendant's motion to dismiss as one for summary judgment, and determine both plaintiffs' motion and the defendant's cross motion under Rule 56 because there

are no genuine issues of material issues of fact and the question presented may be decided as a matter of law. That question is whether the Federal Clean Water Act (CWA), 33 U.S.C. § 1251, *et seq.*, and the regulations promulgated thereunder preempt the subject amendment to § 2.8.8 of the Rappahannock County Zoning Ordinance prohibiting the application of sewage sludge on agricultural lands in the county. For the reasons set forth below, an order will enter granting summary judgment in favor of the defendant and dismissing COUNT II of the complaint.

## PROCEDURAL CONSIDERATION

As plaintiffs properly point out in their supplemental brief, the issue originally was presented to this court under Fed.R.Civ.P. 12(b)(6). However, the real issue is not whether plaintiffs state a claim of preemption in COUNT II, for the language of COUNT II clearly does that. Rather, the court must decide whether, federal law preempts the Amendment. Therefore, the court will address the parties' cross motions for summary judgment on the issue of preemption.[1]

## DISCUSSION, FINDINGS AND CONCLUSIONS

The CWA establishes a national policy to restore the integrity of our country's waters. 33 U.S.C. § 1251 *et seq.* As a part of that policy, Congress has provided for the reduction of risks and the maximization of benefits associated with the disposal or use of sewage sludge, and it has charged the Administrator of the Environmental Protection Agency (EPA) with developing regulations for its disposal and utilization. 33 U.S.C. § 1345(d). The statute further provides, in pertinent part, that

[t]he determination of the manner of disposal or use of sludge is a local determination, except that it shall be unlawful for

any person to dispose of sludge from a publicly owned treatment works[2] or any other treatment works treating domestic sewage for any use which for which regulations have been established pursuant to subsection (d) of this section, except in accordance with such regulations.

33 U.S.C. § 1345(e). Moreover, Congress specifically grants to the states, or their political subdivisions, the right to adopt or enforce standards or limitations more stringent than those promulgated under the CWA. 33 U.S.C. § 1370.

The statutory directive to promulgate regulations regarding the disposal or use of sludge was honored by the Administrator of the EPA, and those regulations that are applicable to this action became effective February 19, 1993. 58 F.R. 9248–9415. The regulations are rather comprehensive, and only a few are relevant to the resolution of the issue now before the court. The pertinent regulations: a) identify uses for sludge, including its disposal; b) set forth factors to be taken into account for determining the methods and practices applicable to such uses, they identify pollutants that might interfere with sludge use; and c) develop and implement standards for use or disposal of sludge through a permitting program. 58 F.R. 9250. Then regulations further make available to communities four methods or practices of use or disposal were identified, namely land application, sale or give-away for home garden use, landfilling and incineration. 58 F.R. 9256–57.

While it is clear that the EPA prefers use of sludge over simple disposal, the agency makes clear that its role under 33 U.S.C. § 1345(e) is to set standards for each practice, leaving the "choice of a use or disposal practice ... to local communities." 58 F.R. 9251. The choices communities make may be restricted because of an inability to meet the quality limits fixed the agency. Nevertheless, minimum nationally set standards

---

1. The parties' briefs raise the question of whether Rappahannock County also prohibits either landfill disposal or incineration of sewage sludge. After the parties filed their briefs, they reached an agreement and have filed a stipulation that no such prohibitions exist. They also appear to agree that neither landfilling nor incineration is being practiced in the county. Therefore, there

are no genuine issues of material fact in any respect, and only questions of law remain for the court to resolve.

2. This type of treatment facility is often referred to as a "POTW".

will protect the public health and environment. Id.

Essentially, there are three ways federal law may preempt state or local regulations: 1) Express preemption by statutory language providing that the federal law occupies a particular field; 2) Implied preemption by pervasive regulation in a field as to not leave room in which a state or locality may act; and 3) Actual conflict between the state or local regulation and federal law. *Feikema v. Texaco, Inc.* 16 F.3d 1408, 1412 (4th Cir. 1994). As defendant points out, plaintiffs never have taken the position that federal law expressly preempts the Amendment. The statute clearly grants to states or localities[3] the authority to make determinations concerning "the manner of disposal or use of sludge ...", and the "right" to pass substantive standards and limitations regarding the discharge, control or abatement of pollution, so long as the standards are not less stringent than federal law. 33 U.S.C. §§ 1345(e), 1370 (emphasis added). Because Congress grants authority to localities to determine the practice of disposal, use, or both, any argument that total proscription of only one form but not all forms of practice conflicts with the plain language of the statute is untenable. There is no express preemption.

Plaintiffs' position has been that the amendment conflicts with a national policy regarding the use and disposal of sludge which manifests itself in a comprehensive program authorized by statute and effectuated by the agency's regulations, giving states and localities some role but not a sufficiently extensive role as to allow banning any one practice of disposal or use.[4] Indeed, plaintiffs rest their claim in COUNT II on a purported conflict between a local regulation and federal policy. Therefore, the test is whether it is possible to comply with both the ordinance and federal law, or whether the ordinance stands as an obstacle to achieving the purpose of the federal law. *Feikema*, 16 F.3d at 1413; *see also, Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984). In applying this test, this court is reluctant to find preemption in the absence of express statutory language. *Maryland v. Louisiana*, 451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981). Where the state or local regulation addresses public health concerns, there is a presumption against preemption. *Hillsborough County v. Automated Med. Labs*, 471 U.S. 707, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985). Furthermore, a federal agency cannot choose to preempt state regulatory action when Congress has not expressed a desire not to override local regulations. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

It is clear to the court that the Amendment is not preempted by the CWA. Quite to the contrary, Congress has expressed an intent to permit states and localities to regulate the manner of sludge disposal or use. The Agency's regulations adopted this intent. Though the EPA expressed a preference for utilizing sludge instead of disposing of it, the agency also recognized that the preference will not be followed by all states and localities because the choice of disposal or use practices is "reserved to local communities." 58 F.R. 9251. Thus, the singular role of the EPA and of the regulations "is to set standards for each practice that are adequate to protect public health and the environment." Id.

In that connection, the court finds that, by the Amendment, the Board of Supervisors of Rappahannock County, Virginia made a choice allowed by federal statute and federal regulation. It is undisputed that its choice was to prohibit one form of sludge disposal or use but not all forms or manners of prac-

---

3. Plaintiffs do not here contest the authority of Rappahannock County, Virginia to enact the ordinance in accordance with the laws of the Commonwealth. That issue is the subject of another suit in the Circuit Court of Rappahannock County, the pendency of which was the subject of defendant's motion to dismiss on abstention grounds which the court has overruled.

4. The extension of plaintiffs' argument that the EPA prefers land application is that there is no national policy favoring incineration or landfilling. Under this anomalous logic, the county could ban all recognized practices except land application of sludge since a ban on incineration and landfilling would not conflict with any identified federal policy.

tice foreseen and permitted by the comprehensive regulations promulgated by the EPA under authority of the CWA.[5] Furthermore, Rappahannock County's choice to prohibit practice preferred by the EPA, as a matter of law, was a proper exercise of its authority under federal law and does not conflict with the policy of the CWA as effectuated by the regulations.[6] Therefore, federal law does not preempted the Amendment.

An order will enter granting defendant's motion for summary judgment and denying plaintiffs' motion for summary judgment as to COUNT II and dismissing that count from this action.

---

5. That landfilling and/or incineration are not currently employed in the county is of no concern to the court for they clearly are not prohibited by any ordinance.

6. The court does not address whether the Board of Supervisors of Rappahannock County had the authority under state law to enact the subject ordinance. That issue is before the Circuit Court of Rappahannock County on whose jurisdiction over the matter this court will not tread.